UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto**,** | ) | C/A No. 3:08-02530-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | FOR |
| Judge Jenkins, Municipal Court; Officer Sessions; | ) | PARTIAL SUMMARY DISMISSAL |
| Officer Curvan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Grace F. Aderinto (Plaintiff) files this civil action *pro se*, and pursuant to 28 U.S.C. § 1915, in forma pauperis. Plaintiff brings this action alleging a claim of false arrest. (Compl. at 6.) The complaint names Judge Jenkins, a Municipal Court Judge, as a Defendant in this action, and alleges that Judge Jenkins was the presiding judge who found Plaintiff guilty of possession of an unlawful weapon. (Comp. at 4.) Plaintiff seeks damages. (Compl. at 8.)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. As the plaintiff is a pro se litigant, her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Here, it is readily apparent that Judge Jenkins is entitled to dismissal as a party Defendant.



Plaintiff has included Judge Jenkins as a party Defendant because she is dissatisfied with the results of her trial. Plaintiff states that Judge Jenkins was "quick and hasty to render the plaintiff as a guilty criminal. His judgments were also unfair and unjust." (Compl. at 5.) However, a judge has absolute judicial immunity with respect to his or her judicial acts. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."(citation omitted)); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Therefore, Judge Jenkins should be dismissed as a party Defendant because, in a § 1983 action, Judge Jenkins is entitled to absolute immunity with respect to his judicial actions, such as finding Plaintiff guilty of a criminal charge. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978).

## Recommendation

Accordingly, it is recommended that the Court dismiss the Defendant Judge Jenkins as a party Defendant *without prejudice* and without issuance and service of process for this Defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Process shall issue for service of the remaining Defendants.

**Plaintiff's attention is directed to the important notice on the next page.**

Bristow Marchant
United States Magistrate Judge

August 4 , 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



3