IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto, | ) | C/A No.: 3:08-2530-JFA-BM |
| | ) | |
|            Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Judge Jenkins, Municipal Court; Officer Sessions; Officer Curvan, | ) ) | |
| | ) | |
|            Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Grace F. Aderinto, brings this action asserting a claim of false arrest and naming Municipal Court Judge Jenkins as a defendant for having presided over the trial of her case of possession of an unlawful weapon.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests summary dismissal of the case without prejudice and without issuance and service of process as to defendant Judge Jenkins because judges enjoy absolute judicial immunity with respect to their judicial acts. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

without a recitation.

The plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on Augus 4, 2008. She timely filed objections to the Report on August 7, 2008 [dkt. # 22]. In her objections to the Report, the plaintiff merely raises the same issues already addressed by the Magistrate Judge and make other incoherent allegations that do not require response by the court.[2]

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process as to defendant Judge Jenkins. Process shall issue for service of the remaining defendants.

IT IS SO ORDERED.

September 2, 2008                                Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[2] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 *(4th Cir. 1982). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).