IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Grace F. Aderinto, | ) | C/A No. 3:08-2530-JFA-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Officer Sessions and Officer Curvan, | ) | |
| Defendants. | ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the parties' cross motions for summary judgment. (Docket Entries 38 & & 45.) The plaintiff, Grace Aderinto ("Aderinto"), a self-represented plaintiff with a long history of filing claims in this court, filed this action pursuant to 42 U.S.C. § 1983. She essentially asserts claims for false arrest and perjury of a witness in connection with underlying municipal criminal charges. In the criminal case, Aderinto was acquitted of a charge of disorderly conduct, but was found guilty of unlawful possession of a weapon. Much of her filings with this court address her defense to the charge of unlawful possession of a weapon; Aderinto contends that the weapon at issue was a walking stick,[1] which she carries for protection from street gangs. Based on a liberal construction of her allegations, she also appears to assert that the defendants[2] violated her Second

---

[1] The defendants assert that Aderinto's walking stick was, in fact, a tree branch.

[2] By Order dated September 2, 2008, the court summarily dismissed Aderinto's claims against Defendant Jenkins, the municipal judge who presided over Aderinto's criminal case. (Docket Entry 27.) The defendants remaining in this case are the two police officers who arrested her on the municipal criminal charges.

Amendment right to bear arms. She seeks damages and the return of her stick. (Compl., Docket Entry 1, at 4, 6, 8; Docket Entry 39 at 8.)

The defendants filed a motion for summary judgment on September 16, 2008 (Docket Entry 38). The next day, Aderinto filed a response to the defendants' motion (Docket Entry 39) as well as a memorandum in support (Docket Entry 40). By order filed September 18, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Aderinto was advised of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately. (Docket Entry 41.) Aderinto responded by filing additional attachments (Docket Entries 43 & 44) to her reply to the defendants' answer. She then filed a cross motion for summary judgment. (Docket Entry 45.) The defendants filed a reply (Docket Entry 47) to Aderinto's response as well as a response in opposition to Aderinto's cross motion for summary judgment (Docket Entry 48). Aderinto filed replies to the defendants' reply and response. (Docket Entries 49 & 50.) The motions are now before the court for a Report and Recommendation.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

PJG

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Aderinto's Claims**

Aderinto's claims fail as a matter of law. Her false arrest claim is barred by Heck v. Humprey, 512 U.S. 477 (1994), since she has failed to show or even allege that her criminal conviction has been invalidated in any way. Heck, 512 U.S. at 486-87 (holding that to recover damages on a claim that necessarily requires the plaintiff to prove the unlawfulness of the conviction or confinement, a plaintiff must prove that the conviction has been reversed on direct appeal,

PJG

expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus).

Similarly, Aderinto cannot prevail as a matter of law on her claim that Officer Curvan perjured himself at her criminal trial, as witnesses have absolute immunity for such testimony. Briscoe v. Lahue, 460 U.S. 325 (1983).

Finally, to the extent Aderinto asserts a claim that her Second Amendment rights have been violated by the defendants' failure to permit her to carry her stick in the public library, and assuming without deciding that a tree branch/walking stick qualifies as "arms" under the United States Constitution, such a claim must fail under established Supreme Court precedent. See, e.g., District of Columbia v. Heller, 128 S. Ct. 2783, 2816-17 (2008) (noting the continued validity of "longstanding prohibitions" on the "carrying of firearms in sensitive places such as schools and government buildings").

Because Aderinto has not stated a viable claim, she is not entitled to any relief from this court. Therefore, the court need not address her request for the return of her "walking stick." Nonetheless, the court observes that the defendants assert that Aderinto's walking stick/tree branch was destroyed pursuant to state law following her criminal trial. See S.C. Code Ann. § 16-23-405(B) (permitting law enforcement to destroy confiscated weapons following the conviction of the defendant). Having received a trial and an opportunity to present her defense to the criminal charges, Aderinto cannot complain of any due process violation from the confiscation of the stick.

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion for summary judgment (Docket Entry 38) be granted and that the plaintiff's motion for summary judgment (Docket Entry 45) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 30, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).